**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**MKONG WILLIAM TATA**                              **CIVIL ACTION NO. 3:26-CV-00242**

**VERSUS**                                                          **JUDGE DAVID C. JOSEPH**

**BRIAN ACUNA, ET AL**                                 **MAGISTRATE JUDGE WHITEHURST**

## MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (doc. 3) filed by petitioner Mkong William Tata ("Petitioner"), through counsel. Petitioner is a citizen and national of Cameroon who entered the United States on or about January 11, 2025, and immediately sought Asylum, Withholding of Removal and Protection under the Convention Against Torture.  Doc. 1, p. 2. On June 11, 2025, an immigration judge, sitting in the Oakdale, Louisiana Immigration Court, issued an order granting Mr. Tata withholding of removal to Cameroon. *Id*.  Petitioner has remained in detention at the Jackson Parish Correctional Center in Jonesboro, Louisiana since this order of removal.

Petitioner seeks an order from this Court directing Respondents to release him forthwith from their custody.  Petitioner asks the court to order the Government to respond to the petition within three days, or alternatively, no more than twenty-one days, pursuant to 28 U.S.C. § 2243, which provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 3) is GRANTED.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within 21 days of the date of this Order.  Petitioner shall have seven days to reply.  After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

**THUS DONE AND SIGNED** in chambers this 4th day of March, 2026.

**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**